UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ X
LINDA EVANGELISTA,                         : Civil Action No. 1:21-cv-7889
                                           :
                Plaintiff,         :
                                           :
   -against-                              :
                                           :
ZELTIQ AESTHETICS, INC.,                   :
                                           :
                Defendant.         :
------------------------------------------------------------ X

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/31/2022
```

## STIPULATION AND ORDER REGARDING CONFIDENTIAL INFORMATION

Upon the Stipulation of the parties, and for good cause shown, the Court issues the following Order Regarding Confidential Information (the "Order"):

WHEREAS, certain documents and information may be sought, produced, or exhibited by and among the parties to the above-styled proceeding (the "Action") which relate to the parties' personal, medical, confidential, and proprietary information that may be subject to protection pursuant to Fed. R. Civ. P. 26(c); and,

WHEREAS, the parties will provide a significant amount of Discovery Materials in this Action, and the parties agree that a protective order will facilitate a timely and efficient discovery process;

IT IS HEREBY STIPULATED AND AGREED, AND FOR GOOD CAUSE SHOWN, ORDERED THAT:

    **1.**    **Discovery Material.** This Order applies to all documents, the information contained therein, and all other information produced or disclosed in connection with this Action whether revealed in a document, in deposition, trial or other testimony, in discovery responses, or otherwise ("Discovery Material") by any party in this litigation (the "Producing Party") to any

other party or parties (the "Receiving Party"). Moreover, this Order applies to all information, documents, health histories, medical records, data, pictures, and other documentation and materials previously produced by plaintiff to Zeltiq or obtained by Zeltiq from third parties, regardless of whether the Information was designated as "Confidential."

**2. Designation and Use of Discovery Material.** This Order shall govern the designation and handling of information contained in Discovery Material that the Producing Party believes in good faith is properly subject to protection from disclosure by Fed. R. Civ. P. 26(c) or otherwise subject to protection by law. Any person, including third parties not named in this Action, who is required to produce documents or information in discovery in this case may designate material produced as "Confidential Information" pursuant to this Order. Third parties who so elect may avail themselves of, and agree to be bound by, the terms and conditions of this Order and thereby become a Producing Party for purposes of this Order.

**3. Use of Confidential Information.** With the exception of documents or information that have become or do become publicly available without a breach of the terms of this Order, all documents, information or other Discovery Material produced or discovered in this Action that have been designated as Confidential Information shall be used solely for the purpose of preparation and trial of the case included in this Action. The Receiving Party, its attorneys, and anyone else to whom disclosure of materials designated "Confidential" is permitted according to the terms of this Order shall not under any circumstances sell, offer for sale, advertise, disclose to anyone who has not signed Exhibit A, or publicize the contents of materials designated "Confidential."

**4. Rights Unaffected.** The terms of this Order shall in no way affect the right of any person to withhold information on alleged grounds (a) of immunity from discovery; or (b) that

such information is neither relevant to any claim or defense nor reasonably calculated to lead to the discovery of admissible evidence. The entry of this Order does not prevent any party from seeking a further order of this Court pursuant to Fed. R. Civ. P. 26(c).

5. **Designation of Documents as Confidential Information.**

(a) For the purposes of this Order, the term "document" shall be given its broadest possible meaning under the Federal Rules of Civil Procedure and includes any and all hard copy, written, electronic and digital records of any kind, translations, and transcriptions, including correspondence, deposition transcripts, notes, lists, memoranda, contracts, agreements, accounts, minutes, e-mails, texts, summaries, pamphlets, brochures, books, photographs, audio recordings, video recordings, teletypes, telefaxes, graphic representations, computer printouts, database records, and computer data, files and/or other electronically stored or transmitted information.

(b) All documents or categories of documents that the Producing Party believes in good faith contain Confidential Information shall be marked by the Producing Party with the legend "Confidential – Subject to Protective Order" in a size and location that makes the designation readily apparent.

(c) Confidential Information produced in a form such as CD, DVD or other tangible items shall contain the legend "Confidential – Subject to Protective Order." Such designation shall subject these items and their contents, copies, duplicates, extracts, summaries, or descriptions to this Order.

(d) Confidential documents that are produced in this Action pursuant to a valid Document Request, Deposition Notice, or subpoena shall be produced in their entirety with no internal redaction, with the exception of information that is covered by the attorney-client

3

privilege, work product doctrine or other applicable federal law, privilege, or immunity (e.g., HIPAA).

(e) Any material produced or provided in this Action for inspection is to be treated by the Receiving Party as Confidential Information pending the delivery of any copies of the same by the Producing Party.

**6. Non-Disclosure of Confidential Information.** Confidential Information, including any copy, portion, excerpt, synopsis, summary, analysis, digest, translation, transcription, video or audio or other derivation thereof, shall be used only in accordance with Paragraph 3 above and shall not be disclosed in any way to any person(s) except:

(a) The Receiving Party;

(b) Any counsel of record in this Action and all counsel retained by a party in this Action, any lawyer specifically employed by such counsel, any secretary, paralegal, law clerk or employee assisting such counsel, to the extent considered reasonably necessary to render professional services in connection with the prosecution or defense of this Action, and any professional services vendor including, but not limited to, document storage vendors, private court reporting services, trial consultants and trial support service vendors;

(c) Designated in-house counsel, including paralegals and/or other clerical, secretarial and other staff working directly for in-house counsel in the legal department;

(d) Court officials involved in this Action, including court reporters and video recording equipment operators at depositions, trial, conferences, hearings and arguments;

(e) Any expert or consultant who is expressly retained by or on behalf of any party to provide assistance or testimony with respect to this Action;

4

(f) Any witness who testifies during a deposition, hearing or trial, in accordance with the procedures set forth herein

(g) Any person who has knowledge of the subject matter to which the document relates including document authors, custodians, recipients (including those designated as "To," "CC," "BCC," "Copy" or similar) and may be noticed or designated to appear as deponent or witness in this Action;

(h) Any person designated by the Court in the interest of justice, upon such terms as the Court may deem proper;

(i) Any physician who was a treater, and to whom there is a litigation need to disclose Confidential Information; and

(j) Any other person, with the written consent of the Producing Party.

7. **Permissible Disclosure.** With respect to Confidential Information, including any copy, portion, synopsis, summary, analysis, or digest thereof, each person, other than the Court and the individuals identified in Paragraph 6, shall be provided a copy of this Order. In addition, the individuals identified in Paragraph 6 shall execute an Acknowledgement of Protective Order in the form attached hereto as Exhibit A. Counsel for the Receiving Party shall retain executed Acknowledgements of Protective Order in his or her file at least until this Action has been concluded and all Confidential Information has been returned and/or destroyed pursuant to Paragraph 18 below. Any person to whom Confidential Information is disclosed by the Receiving Party or by any person who obtains such Confidential Information from the Receiving Party shall be bound by the provisions of this Order and subject to all appropriate sanctions and remedies for any violation hereof.

8. **Third-Party Subpoenas.** If Confidential Information in the possession of a Receiving Party is subpoenaed by any court, administrative or legislative body, or any other person or organization purporting to have authority to subpoena such data or information, the party to whom the subpoena is directed shall not, to the extent permitted by applicable law, provide or otherwise disclose such documents or information without first waiting ten (10) business days after notifying (and confirming notification) counsel for the Producing Party in writing of (1) the information and documentation which is requested for production in the subpoena; (2) the date on which compliance with the subpoena is requested; (3) the location at which compliance with the subpoena is requested; (4) the identity of the party serving the subpoena; and (5) the case name, jurisdiction and index, docket, complaint, charge, civil action or other identification number or other designation identifying the litigation, administrative proceeding or other proceeding in which the subpoena has been issued.

9. **Declassification.**

(a) Nothing shall prevent disclosure beyond that limited by this Order if the Producing Party consents in writing to such disclosure.

(b) In the event that the Receiving Party disagrees with the Producing Party's designation of any document or information as confidential under this Order, the Receiving Party shall advise counsel for the Producing Party, in writing within 30 days of the receiving the designation, or, if a document is first produced fewer than 30 day before trial, within half of the time remaining before trial, of the objection and identify the document or item with sufficient specificity including bates number of the document to permit identification. Within fourteen (14) days of receiving the objection, the parties shall confer to determine whether the Producing Party will change the designation of the document or item. If the dispute cannot be resolved between the parties, then the Receiving Party may file a motion under seal with the Court seeking an order to de-designate the documents at issue. The Producing Party shall then have (30) days

to then file any opposition to the Receiving Party's motion. The documents at issue shall continue to be treated as Confidential Information unless and until the Court decides otherwise and/or the exhaustion of any further relief.

10. **Non-Termination.** Documents or other items designated as Confidential Information shall retain that designation and remain subject to the terms of this Order until such time, if ever: (a) the Court renders a decision that any such document or information is not properly subject to protection from disclosure by Fed. R. Civ. P. 26(c) or otherwise and/or the exhaustion of any further relief; (b) a Declassification Event occurs with respect to such document or information as defined in Paragraph 9(b) above; or (c) such document or information becomes publicly available without a breach of the terms of this Order.

11. **No Waiver of Rights or Implication of Discoverability.** This Order does not operate as an agreement by any party to produce any or all documents and/or information demanded or requested by another party, and nothing contained herein shall it affect the right of any party to seek additional protection against the disclosure of any materials. Nothing contained in this Order shall enlarge or in any way affect the proper scope of discovery in this Action, nor shall anything in this Order imply that any Confidential Information is properly discoverable, relevant, or admissible in this Action. Nothing contained in this Order shall be deemed to restrict in any manner each party's use of its own Confidential Information. Nothing in this Order shall be construed as an agreement to either enlarge or restrict the scope of protection afforded by Fed. R. Civ. P. 26(c).

12. **Inadvertent Disclosures.**

    (a) The inadvertent production or disclosure by the Producing Party, even if the Producing Party did not make any efforts to prevent the production or disclosure, whether in this Action or in any other proceedings, of a document subject to a claim of privilege, work product, or other statutory or court-ordered privilege shall not result in a waiver of any of the

7

foregoing protections in this Action or any other proceedings for the produced or disclosed document or for any other privileged documents containing the same or similar subject matter. If the Producing Party should produce or disclose a document subject to a claim of privilege, work product, or other statutory or court-ordered privilege, upon notice of such production or disclosure to the Receiving Party, all originals, versions and copies thereof shall be immediately returned by the Receiving Party to the Producing Party, and such documents shall be deleted from any litigation support or other database or electronic repository. The Receiving Party shall not attempt to examine, review or use such documents. Further, all notes or other work product reflecting the contents of such materials shall be immediately destroyed by the Receiving Party. The Receiving Party shall also instruct all persons to whom the Receiving Party has disseminated copies of such documents that the documents are subject to the provisions of this Order. If, after receipt of the Producing Party's privilege log and the parties confer in good faith, the Receiving Party wants to challenge the claim of privilege, work product, or other statutory or court-ordered privilege, it must promptly present the information in dispute to the Court under seal for a determination of the claim. If the Receiving Party does present the information in dispute to the court and its motion/challenge is denied, then the Receiving Party shall promptly comply with the provisions regarding the return of documents and materials derived from the privileged documents. This Order does not affect or constitute a waiver of the Producing Party's rights to withhold or redact information protected from disclosure by the attorney-client privilege, work product doctrine, or other applicable privilege, protection, law, or regulation. This Order does not limit the Producing Party's right to conduct a review of documents for relevance, responsiveness and/or segregation of privileged or protected documents from production. This paragraph shall be interpreted to provide the maximum protection allowed by Fed. R. Evid. 502(d), and the provisions of Fed. R.

8

62813010.v1

Evid. 502(b)(2) are inapplicable. Subject to the provisions set forth in Paragraph 12(b), the failure to return all copies of any inadvertently produced privileged document precludes its use for purposes of this Action or any other purpose and precludes the Receiving Party from challenging the propriety of the designation of privilege.

      (b)    The Receiving Party may object to the designation of specific material as being protected by the attorney-client privilege, work product doctrine, or other applicable privilege or immunity by serving a written objection on the Producing Party's counsel including the documents to which each objection pertains and the specific reasons and support for such objection. The Producing Party or its counsel shall thereafter, within twenty-one (21) calendar days, respond to such objection in writing as to whether the designation will be maintained or withdrawn. If the Producing Party does not agree to withdraw the designations for the documents at issue, the parties shall confer in good faith to attempt to resolve the dispute. If the parties are unable to resolve the dispute regarding any of the documents at issue, the Receiving Party challenging the designations may file a motion under seal with the Court seeking an order to de-designate the documents at issue. The Producing Party shall have thirty (30) days to then file any opposition to the Receiving Party's motion. The documents at issue shall continue to be treated as privileged and protected unless and until the Court decides otherwise.

      (c)    In the event the Producing Party or other person inadvertently fails to designate Discovery Material as Confidential Information, it may make such a designation subsequently by notifying all persons and parties to whom such Discovery Material was produced, in writing, as soon as practicable and such failure shall not be deemed a waiver in whole or in part of the Producing Party's claims of confidentiality. After receipt of such notification, the persons to whom production has been made shall prospectively treat the

9

designated Discovery Material as Confidential Information, subject to their right to dispute such designation in accordance with Paragraph 9.

13. **Depositions.** Information disclosed at any deposition taken in connection with this Action may be designated by any party as Confidential Information in accordance with the procedures set forth herein. All testimony provided at deposition shall be considered Confidential Information for a set period of time as set forth herein. In order to maintain the Confidential Information status of such testimony, a party must notify all other parties and the court reporter in writing within forty-five (45) days of receipt of the final transcript at the conclusion of the witness' testimony of the specific pages and lines of the transcript that shall be treated as Confidential Information. Only the portions of the transcript that are so designated within the forty-five (45) day period shall be treated as Confidential Information. In addition, if reference is made to any Confidential Information during the course of a deposition, the parties may designate those portions of the transcript as Confidential Information as well. Said portions of the transcript that include references to any of the Confidential Information shall not be revealed in any manner to any persons, except pursuant to the provisions of this Order, however nothing in this provision shall prevent a party from using the document in connection with a court filing, provided the document is supplied to the Court in a manner consistent with this Order and filed under seal. Confidential documents introduced during a deposition shall be bound in a separate volume marked: "Confidential Documents Contained Herein — Subject to Protective Order."

14. **Confidential Information Produced in Electronic Form.**

(a) The designation of a storage medium stating "Contains Confidential Information Subject to Protective Order" shall serve to designate each of the files on the medium that contain confidential information.

(b) The Producing Party shall stamp all Confidential documents as directed by this Order, and the Receiving Party or any other person authorized to review confidential documents pursuant to Paragraph 6 shall print the document with the Confidentiality designation. As the Parties expect certain types of Confidential Information to be produced in native format, the electronic storage medium containing such files shall be marked "Contains Confidential Information Subject to Protective Order", and that designation shall apply to all files contained therein. To the extent that information stored or recorded in the form of electronic media is produced in such form, the Producing Party may designate such information as Confidential Information by cover letter generally referring to such information.

(c) The Receiving Party shall undertake best efforts to prevent Confidential Electronic Information from being stored in a computer to which individuals not authorized under this Order to view Confidential Information have access. The Receiving Party shall also use best efforts to ensure that printouts and copies of Confidential Electronic Information maintained by the Receiving Party, and not disseminated to permissible parties, are kept in a manner that will prevent unauthorized users from viewing the printouts or copies.

15. **Confidential Information in Court Filings.** If filed, materials designated "Confidential" shall be filed under seal or with confidential information redacted in accordance with all applicable Federal Rules of Civil Procedure and local rules of this Court.

16. **Confidential Information Used During Hearings and/or Offered as Evidence at Trial.** Before the trial of this matter, the Parties will consult with the Court and devise a means for using Protected Documents at trial in such a way that does not unduly hinder the Parties' presentation of evidence, yet also protects the Parties' interests in maintaining confidentiality of their sensitive information. This Order does not restrict or limit the use of Confidential Information at any hearing or trial. Nothing in this Order, however, shall prevent any party from seeking an appropriate protective order to govern such use of Confidential Information at a hearing or trial.

17. **Notice of Disclosure.** Nothing in this Order shall prevent disclosure beyond the terms of this Order if the Producing Party consents in writing to such disclosure, or if the Court, after affording notice and an opportunity to be heard to all affected parties, orders such disclosure. In the event that any Confidential Information, or any copy, portion, synopsis, summary, analysis or digest thereof is required by law to be disclosed by order, subpoena or otherwise, the party required to disclose such Confidential Information will notify the Producing Party within 10 days so that the Producing Party may seek a protective order or other appropriate remedy or, in the Producing Party's sole discretion, waive compliance with certain terms of this Order. In the event that no protective order or other remedy is obtained, or that the Producing Party waives compliance, only that portion of Confidential Information that is legally required to be disclosed shall be furnished and all reasonable efforts will be exercised to obtain reliable assurance that confidential treatment will be accorded to the Confidential Information so disclosed.  Nothing herein shall affect or modify Defendants' ability to review Plaintiffs' information and report information to regulatory agencies.

**18.    Return of Confidential Information.**

(a)    Within forty-five (45) days after the conclusion of this Action by dismissal, stipulation, or final order or judgment, or any appeal therefrom, all Confidential Information received by whomever in paper or other tangible form, including all copies and summaries or compilations thereof shall be returned to the Producing Party or destroyed and all electronic versions of such Confidential Information (including any synopsis, summary, analysis, and/or digest thereof) shall be destroyed within forty-five (45) days. Counsel for the Receiving Party shall promptly notify all persons listed in Paragraph 6 above to whom Confidential Information has been provided and/or disclosed that this lawsuit has been concluded and instruct them to return or destroy all Confidential Information in paper or other tangible form and destroy all electronic versions of Confidential Information within forty-five (45) days to the extent required by this paragraph. Counsel for the Receiving Party shall certify in writing compliance with the requirements of this paragraph within forty-five (45) days of the conclusion of this lawsuit. If any persons listed in Paragraph 6 above to whom Confidential Information has been provided and/or disclosed cease to be involved in this litigation or otherwise complete the purpose for which they were provided Confidential Information prior to the conclusion of this litigation, counsel for the Receiving Party shall promptly instruct them to return all Confidential Information in paper or other tangible form and destroy all electronic versions of the Confidential Information.

(b)    Nothing in the Order shall require the Receiving Party to destroy or supply to the Producing Party any work product prepared in connection with this Action or required to be maintained by the Receiving Party's errors and omission carrier, even if the material includes Confidential Information, documents or things.

19. **Modification Permitted.** Nothing in this Order shall prevent any party or other person from seeking modification of this Order or from objecting to discovery that it believes to be otherwise improper. This Order shall continue in force until amended or superseded by express order of the Court and shall survive any final judgment or settlement in this Action.

20. **Responsibility of Attorneys.** The attorneys of record are responsible for employing reasonable measures to control and record, consistent with this Order, access to, and distribution of Confidential Information, including abstracts and summaries thereof. In the event of a change in counsel, withdrawing counsel shall fully instruct new counsel of their responsibilities under this Order and new counsel shall sign this Order.

21. **Improper Disclosure of Confidential Information.** Disclosure of Confidential Information other than in accordance with the terms of this Order may subject the disclosing party to such sanctions and remedies as the Court may deem appropriate.

22. **Prior Agreements.** To the extent any provision in this Order conflicts with the provisions contained in any prior confidentiality agreements and/or their amendments executed between the parties, this Order supersedes the provisions in the prior agreements and will control the production, confidentiality, and use of Confidential Information obtained during the course of discovery as stated herein. All documents obtained by the parties pursuant to the confidentiality agreements and/or their amendments prior to the commencement of this Action shall henceforth be subject to the provisions set forth in this Order.

**IT IS SO ORDERED.**

SIGNED AND ENTERED this __31__ day of __January__, 2022.

                                               **VALERIE E. CAPRONI**
                                               **United States District Judge**

# EXHIBIT A

**LINDA EVANGELISTA v. ZELTIQ AESTHETICS, INC.**
**Civil Action No. 1:21-cv-7889**

### ACKNOWELDGEMENT OF PROTECTIVE ORDER

1.  I hereby certify that I have read the Protective Order entered in the above-captioned action, which is incorporated by reference herein as though set forth at length and that I understand the terms thereof and agree to be bound by all of them.

2.  I will only make copies or notes concerning materials designated "Confidential" as are necessary to enable me to render the assistance required in connection with this action, and all such notes and copies shall be preserved in a separate file maintained as confidential and marked for disposal, destruction, or return upon completion of this action.

3.  I will not utilize any confidential document or information subject to the Protective Order for any purpose other than as allowed under the terms of the Protective Order. I further affirm that I will not reveal the protected documents or information to, nor discuss it with, anyone, except in accordance with the terms of the Protective Order.

4.  I further agree to submit to the jurisdiction of this Court for purposes of enforcing the Protective Order, and I understand that the court may impose sanctions on me, including contempt of court, for any violation of the Protective Order.

5.  At the termination of this litigation, I shall return or destroy all documents marked "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" as well as any copies, summaries or abstracts of them, and documents related to them, whether in hard copy,

electronic, or digitized format, to the attorney providing confidential materials to me unless entitled by a term within the Protective Order to retain a copy of the document(s) or thing.

SIGNED, under penalty of perjury, this _____ day of 2022.

Date_____

_____
Signature

_____
Printed Name

_____
Address

_____
City, State, Zip

_____
Telephone Number

62813010.v1